## WILLIAM F. WHITE *vs.* JOSHUA W. CLAPP.

If a writ which is brought upon a just claim is served by leaving a summons at the debtor's last and usual place of abode, and he, though knowing of the commencement of the action, never receives the summons, and afterwards commences proceedings in insolvency, and does not appear to defend or procure a continuance of the action, he cannot thereafter maintain an *audita querela* to set aside a judgment rendered against him therein.

An appeal lies from the decision of a judge of the superior court upon agreed facts on an *audita querela.*

AUDITA QUERELA to annul a judgment recovered by the defendant against the plaintiff. The following facts were agreed in the superior court:

On the 24th of April 1861 the defendant commenced an action against the plaintiff in the police court of Boston to recover the amount of a promissory note for $190.86, which was then due from the plaintiff to the defendant, and an attachment was made of the plaintiff's property, of which he knew, and which was dissolved by his commencing proceedings in insolvency on the 27th of the same April. The writ was served by leaving a summons at the last and usual place of abode of the plaintiff, but he never received it, and had no notice of the service of it except such as the law implies. He did not appear in the

action, and judgment was rendered against him on the 7th of May 1861. On the 3d of the following December he obtained his discharge. In January 1863 the defendant commenced an action against the plaintiff upon the judgment, which gave the first notice to the plaintiff of the recovery of the judgment. This writ of *audita querela* was thereupon brought.

Upon these facts, *Putnam,* J. ruled that the *audita querela* would lie ; and the defendant appealed to this court.

*J. W. Rollins,* for the defendant, cited *Dingman* v. *Myers,* 13 Gray, 1 ; *Stone* v. *Chamberlain,* 7 Gray, 206 ; *Faxon* v. *Baxter,* 11 Cush. 35 ; *Foster* v. *Plummer,* 3 Cush. 381 ; *Coffin* v. *Ewer,* 5 Met. 228 ; *Brackett* v. *Winslow,* 17 Mass. 153 ; *Wetherell* v. *Goss,* 26 Verm. 748 ; *Eastman* v. *Waterman,* Ib. 502 ; *Barrett* v. *Vaughan,* 6 Verm. 243 ; *Stone* v. *Seaver,* 5 Verm. 549 ; *Dodge* v. *Hubbell,* 1 Verm. 491 ; *Little* v. *Cook,* 1 Aikens, 363 ; *Ames* v. *Winsor,* 19 Pick. 247 ; *Barker* v. *Haskell,* 9 Cush. 218.

*G. E. Betton,* for the plaintiff, in addition to some of the cases cited for the defendant, cited *Tyler* v. *Lathrop,* 5 Verm. 172; *Starbird* v. *Moore,* 21 Verm. 533.

Dewey, J. The plaintiff has shown no case for sustaining an *audita querela.* The facts stated show that he had knowledge of the service of the writ against him by an attachment, and of course he must have had notice of the existence of the suit, although he might not have known the precise day when it was returnable. But, what is of more importance, the service as to himself was duly made by leaving a summons at his last and usual place of abode. This the statute declares to be a legal and effectual notice. Further, the plaintiff was justly indebted to the defendant in the sum for which judgment was taken. Although in fact the summons did not come to his hands, yet that would furnish no sufficient ground for a stay of execution or the granting of a review, unless some defence existed to the demand.

The fact that the plaintiff had become a subject of proceedings in insolvency, pending the action, constituted no defence to the action. It might have been a ground for a motion to continue the case, but such an order was a discretionary

matter with the judge, and not a matter of legal right with the plaintiff.

But if an insolvent debtor neglects to take the necessary steps in court to postpone the action, and subsequently a discharge is granted after judgment has been rendered, the party has no remedy by *audita querela.*  *Faxon* v. *Baxter*, 11 Cush. 35. This case presents no element of fraud or improper proceedings on the part of the defendant, nor any legal defence to the former action of which the plaintiff has been deprived.  Under these circumstances, no ground exists for maintaining the present action.

As to the right of appeal to this court, we think that the statement of facts agreed to by the parties in the superior court was intended to present the question of law, whether, upon the facts stated, this process would lie, and whether any case was shown for sustaining an *audita querela* and setting aside the former judgment; and the appeal was properly taken.

*Plaintiff nonsuit.*